1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7       FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
REGINA MANANTAN,                          No. C-11-00216 CW
9
          Plaintiff,                      ORDER GRANTING
10                                        DEFENDANTS'
      v.                                  MOTIONS TO
11                                        DISMISS (Docket
NATIONAL CITY MORTGAGE, et al.,           Nos. 5 and 8) AND
12                                        DENYING AS MOOT
          Defendants.                     DEFENDANT PNC'S
13 _____/      MOTION TO STRIKE
                                          (Docket No. 9)
14
15        Defendants GMAC Mortgage, LLC and ETS Services, LLC move to
16   dismiss the complaint of Plaintiff Regina Manantan.  Defendant PNC
17   Bank, N.A., as successor by merger to National City Bank, sued as
18   National City Mortgage (NCM) and National City Bank of Indiana
19   (NCB), separately moves to dismiss and moves to strike portions of
20   Plaintiff's complaint.  Plaintiff opposes the motions.  Having
21   considered all of the papers filed by the parties, the Court grants
22   the motions to dismiss and denies as moot the motion to strike.
23                              BACKGROUND
24        Plaintiff alleges that in April 2006 she engaged the services
25   of mortgage broker American Prime Financial (APF) to refinance the
26   existing home mortgage loan on her primary residence located at
27   2671 Hacienda Street in San Mateo, California.  Compl. ¶¶ 9, 12.
28   APF prepared a loan application on Plaintiff's behalf, which was

United States District Court
For the Northern District of California

approved by NCM.  Compl. ¶ 13.  On July 7, 2006, Plaintiff executed an adjustable rate note in the amount of $825,000, naming NCM as the lender and payee, and a deed of trust securing repayment of the Note, naming NCB as the trustee.  Compl. ¶¶ 16-17.

On May 18, 2010, NCB recorded an "Assignment of Deed of Trust" assigning its rights under the deed to GMAC.  Compl. Ex. E at 3. On August 13, 2010, GMAC recorded a "Substitution of Trustee," naming ETS as the trustee in place of NCB.  Compl. Ex. C.  On the same date, ETS recorded a "Notice of Default and Election to Sell under Deed of Trust."  Compl. Ex. D.  On November 12, 2010, ETS recorded a "Notice of Trustee's Sale" of the property to be held on December 9, 2010.  Compl. ¶ 24.

Plaintiff alleges that APF[1] and NCM failed to (1) explain a mortgage broker fee paid by NCM to APF, Compl. ¶ 18.1; (2) explain the consequences of the Yield Spread Premium included in Plaintiff's loan, Compl. ¶ 18; (3) make disclosures required by California Civil Code § 1916.7(10)(c), Compl. ¶ 19; and (4) verify Plaintiff's income and ability to repay the loan, Compl. ¶¶ 13, 15.

Plaintiff alleges that GMAC and ETS lack authority to carry out the pending foreclosure sale of her property because (1) NCM committed fraud in the origination of Plaintiff's loan, Compl. ¶¶ 56-60; (2) GMAC is not the "holder in due course" of the note, Compl. ¶¶ 49-50; (3) Defendants have not followed the correct procedures to assign GMAC as beneficiary under the deed and to substitute ETS as the trustee of the deed, Compl. ¶ 62; and

---

[1]Although many of Plaintiff's allegations concern the conduct of APF, APF is not a named defendant in this action.

2

1  (4) Defendants did not post the Notice of Trustee's Sale in a

2  public place or publish it in a newspaper of general circulation,

3  Compl. ¶ 61.

LEGAL STANDARD

5      A complaint must contain a "short and plain statement of the

6  claim showing that the pleader is entitled to relief." Fed. R.

7  Civ. P. 8(a).  On a motion to dismiss under Rule 12(b)(6) for

8  failure to state a claim, dismissal is appropriate only when the

9  complaint does not give the defendant fair notice of a legally

10  cognizable claim and the grounds on which it rests. Bell Atlantic

11  Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether

12  the complaint is sufficient to state a claim, the court will take

13  all material allegations as true and construe them in the light

14  most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792

15  F.2d 896, 898 (9th Cir. 1986).  However, this principle is

16  inapplicable to legal conclusions; "threadbare recitals of the

17  elements of a cause of action, supported by mere conclusory

18  statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S.

19  ___, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at

20  555).

21      Although the court is generally confined to consideration of

22  the allegations in the pleadings, when the complaint is accompanied

23  by attached documents, such documents are deemed part of the

24  complaint and may be considered in evaluating the merits of a Rule

25  12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265,

26  1267 (9th Cir. 1987).

27      When granting a motion to dismiss, the court is generally

28                                3

required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

DISCUSSION

I.   Liability for Causes of Action Accruing at Origination

GMAC and ETS move to dismiss Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Twelfth Causes of Action because they arise from conduct that took place at the time the loan originated, before GMAC was assigned the rights under the deed and ETS was substituted as trustee.  Plaintiff contends that GMAC and ETS are liable for these causes of action because they "ratified the wrongful conduct of the originating Defendants."  Pl. Opp. at 4.

Plaintiff cites River Colony Estates Gen. Partnership v. Bayview Fin. Trading Group, 287 F. Supp. 2d. 1213 (S.D. Cal. 2003), for the proposition that a party's knowledge of a failure to disclose loan terms "coupled with substantial assistance" by that party supports liability "for aiding and abetting breach of fiduciary duty."  Pl. Opp. at 4.  River Colony actually states: "To

4

establish liability for aiding and abetting, plaintiffs must prove:
(1) the fact of perpetration of the overall improper scheme;
(2) the aider and abettor's knowledge of such a scheme; and (3) the
aider and abettor's substantial assistance furthered the scheme."
287 F. Supp. 2d at 1225.

Here, Plaintiff has not alleged that GMAC and ETS had
knowledge of the scheme or provided any assistance to the
originators of her loan, let alone "substantial assistance" in
furtherance of the allegedly improper acts.  As Plaintiff admits,
GMAC and ETS were not involved in the origination of the loan.  Pl.
Opp. at 4.  Thus, they could not have provided substantial
assistance to the other Defendants at that time.

Accordingly, Plaintiff's Third, Fourth, Fifth, Sixth, Seventh,
Eighth, Ninth, and Twelfth Causes of Action fail to state a claim
against GMAC and ETS, and their motion to dismiss these claims is
granted with leave to amend.

II.  Statute of Limitations

All Defendants move to dismiss Plaintiff's Third, Fourth,
Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action
as barred by the applicable statutes of limitations.

The relevant statutes of limitations are summarized as
follows:  The Third Cause of Action, for violation of the
California Unfair Competition Law (UCL), California Business &
Professions Code § 17200 et seq., is subject to a four year statute
of limitations.  Cal. Bus. & Prof. Code § 17208.  The Fourth Cause
of Action, for "Reformation/Revision," the Sixth, for "Damages By
Reason of Deceit," and the Seventh, for "Fraud," are all based on

United States District Court
For the Northern District of California

underlying allegations of fraud, as Plaintiff concedes.  Pl. Opp. at 4-6.  They are therefore subject to a three year statute of limitations pursuant to California Code of Civil Procedure § 338(d).  The Fifth Cause of Action, for violation of California Civil Code § 1916.7(c), appears to be subject to a three year limitations period pursuant to California Code of Civil Procedure § 338(a).  The Eighth Cause of Action, for negligence based on violations of 15 U.S.C. § 1639(h) or 12 C.F.R. § 226.34, is subject to a two year limitations period.  Cal. Code Civ. Proc. § 339(1); Jackson v. Cedars-Sinai Med. Ctr., 220 Cal. App. 3d 1315, 1319-21 (1990) (holding that where a cause of action based on a statute "sounds in tort," the statute of limitations for tort actions rather than statutory violations applies).  The Ninth Cause of Action, for breach of the covenant of good faith and fair dealing, and the Eleventh Cause of Action, for rescission/cancellation of the loan agreement, are contract actions and are both subject to a four year statute of limitations period pursuant to California Code of Civil Procedure § 337.

Defendants point out that the conduct alleged in these causes of action all was committed on or before July 2006, when Plaintiff's loan originated, while she filed this suit in December 2010.  Defendants argue, therefore, that these causes of action are time-barred.  Plaintiff does not dispute that these causes of action were filed after the statutes of limitations had run, but argues that, because she only recently discovered the existence of her claims, at least some of them are subject to equitable tolling.

Plaintiff bases her equitable tolling argument on Fonua v.

First Allied Funding, 2009 WL 816291 (N.D. Cal.), arguing that the time to bring an action is calculated from the time a plaintiff discovers the fraudulent conduct.  Equitable tolling requires more than just the plaintiff's ignorance of the claims.  In general,

> equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. . . . If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.

Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). The court in Fonua agreed that equitable tolling requires that a plaintiff "might not have had a reasonable opportunity to discover" his or her claims within the statute of limitations period.  2009 WL 816291, at *2 (citing King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiff does not allege that she did not have a "reasonable opportunity" to discover the conduct alleged in her complaint, or that she was unable to obtain the information she needed before the statute of limitations expired on her claims.  Instead, she alleges that she had doubts that NCM and APF had complied with all applicable laws in issuing her loan, and in September 2010 engaged the services of a forensic loan examiner, who informed her of the alleged violations.  Plaintiff does not specify what led her to doubt the legality of NCM and APF's actions, when her doubts arose or why she waited until September 2010 to have her loan documents examined.  According to the Complaint, between July 2006 and September 2010, two significant events took place:  In March 2010, Plaintiff stopped making payments on her mortgage, and five months

7

later, in August, she received the Notice of Default.  However,
Plaintiff does not allege that the Notice gave her any new
information that led to doubts about the origination of the loan.
Nor does Plaintiff allege that she was prevented from engaging the
services of the forensic loan examiner at an earlier point in time.
Indeed, Plaintiff admits that she was given the loan documents
after the transaction closed.  It appears that in or shortly after
July 2006 she was in possession of all the information she provided
to the forensic loan examiner in September 2010.

Plaintiff argues that "merely having the papers does not give
Plaintiff notice that he [sic] has been defrauded."  Pl. Opp. at 6.
District courts in this circuit have split on the applicability of
equitable tolling in the context of residential mortgages.  See
Diaz v. Bank of America Home Loan Servicing, 2010 WL 5313417, at
*3-4. (C.D. Cal.) (noting cases where failure to translate mortgage
terms into Spanish for non-English speakers held sufficient to
invoke equitable tolling, but ultimately agreeing with cases
denying equitable tolling where plaintiffs failed to act diligently
to have their loan documents translated or reviewed).  Particularly
applicable here is Ortega v. Wells Fargo Bank, 2010 WL 1904878
(S.D. Cal.).  In Ortega, the court denied equitable tolling to the
plaintiff, who submitted documents for "forensic review" two years
after receiving his loan and months after he stopped making
mortgage payments.  Id. at *3.  The court held, "Any irregularities
in [plaintiff's] loan would have been apparent from the face of the
documents he received at closing.  [Plaintiff's] belated efforts at
finding the alleged irregularities preclude his . . . claim."  Id.

United States District Court
For the Northern District of California

The Court finds the reasoning of <u>Ortega</u> persuasive.  From the time she received the loan documents, Plaintiff appears to have been in possession of all the facts needed for the forensic loan examiner to uncover the alleged violations more than four years later.  The fact that she came to have doubts about the validity of her loan only after she stopped making payments and had received the Notice of Default demonstrates that she was less than diligent in uncovering her claims.  Because the Complaint does not allege the basis for equitable tolling of the statutes of limitations for Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action, Defendants' motion to dismiss these causes of action is granted with leave to amend.

III. Quiet Title

Plaintiff's Tenth Cause of Action asks that title in the property be quieted in her favor.  To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title.  Cal. Code Civ. Proc. § 761.020.  In addition, a plaintiff seeking to quiet title in the face of foreclosure must allege tender of an offer of the amount borrowed.  <u>Mangindin v. Wash. Mut. Bank</u>, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009); <u>Arnolds Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 578-79 (1984) (claim to set aside trustee's sale must be accompanied by offer to pay full amount of debt for which the property was security).

Defendants argue that the claim for quiet title fails because

United States District Court
For the Northern District of California

Plaintiff has not alleged or argued that she can tender the amount of the indebtedness. Plaintiff responds that the tender rule is "antiquated and unreasonable," and contends that she is "not required to 'do equity' or make tender on a contract that has been procured through fraud." Pl. Opp. at 16. Plaintiff cites Truesdail v. Lewis, 45 Cal. App. 2d 718 (1941), in which the court allowed an action to quiet title to proceed without an allegation of tender. However, Truesdail does not support Plaintiff's argument. The court in Truesdail made clear that any final determination quieting title in the plaintiff's favor would be "subject to his paying [defendant] the money which he received on a void transaction." Id. at 722.

Plaintiff argues that if the Court does not grant her quiet title and allows the foreclosure sale to proceed, tender will be satisfied upon foreclosure. Plaintiff fails to acknowledge that, if the Court does grant her quiet title, she still would be required to tender the loan amount. To vest title in a defaulting borrower without tender of the loan amount would be inequitable to the lender. The lender would be deprived not only of the money it loaned to the borrower, but also of title to the property it took as security for the loan. Defendants' alleged fraud may void the transaction between Plaintiff and Defendants, but it would not allow Plaintiff to gain quiet title and keep the money she borrowed.

Because Plaintiff has not alleged that she can now or will in the future be able to tender the amount borrowed, Defendants' motion to dismiss her Tenth Cause of Action is granted with leave

United States District Court
For the Northern District of California

1    to amend.

2    IV. Unjust Enrichment

3         PNC argues that Plaintiff's Twelfth Cause of Action should be

4    dismissed because "unjust enrichment" is not a cause of action in

5    California.  California courts appear to be split as to whether

6    there is an independent cause of action for unjust enrichment.

7    Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D.

8    Cal. 2007) (applying California law).  One view is that unjust

9    enrichment is not a cause of action, or even a remedy, but rather a

10   general principle, underlying various legal doctrines and remedies.

11   McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004).  In

12   McBride, the court construed a "purported" unjust enrichment claim

13   as a cause of action seeking restitution.  Id.  There are at least

14   two potential bases for a cause of action seeking restitution:

15   (1) an alternative to breach of contract damages when the parties

16   had a contract which was procured by fraud or is unenforceable for

17   some reason; and (2) where the defendant obtained a benefit from

18   the plaintiff by fraud, duress, conversion, or similar conduct and

19   the plaintiff chooses not to sue in tort but to seek restitution on

20   a quasi-contract theory.  Id. at 388.  In the latter case, the law

21   implies a contract, or quasi-contract, without regard to the

22   parties' intent, to avoid unjust enrichment.  Id.

23        Another view is that a cause of action for unjust enrichment

24   exists and its elements are "receipt of a benefit and unjust

25   retention of the benefit at the expense of another."  Lectrodryer

26   v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); First Nationwide

27   Savings v. Perry, 11 Cal. App. 4th 1657, 1662-63 (1992).

28                                    11

United States District Court
For the Northern District of California

1   Plaintiff has not stated a basis for a restitutionary remedy

2   against Defendants.  Instead, Plaintiff vaguely claims that

3   "Defendant NCM (or its successor/s in interest) has been unjustly

4   enriched to the detriment of Plaintiff by wrongfully collecting

5   money to which Defendant NCM, in equity, is not entitled.

6   Defendant NCM has retained the amounts wrongfully collected."

7   Compl. ¶ 157.  In her opposition, Plaintiff identifies these

8   amounts as the "illegal kickback fees, in the form of the [yield

9   spread premium]."  Pl. Opp. at 17.  These allegations do not appear

10  in the Complaint.  Plaintiff's Twelfth Cause of Action fails to

11  state a claim against Defendants for unjust enrichment.

12  Defendants' motion to dismiss is granted with leave to amend.

13  V.   Unconscionability

14  All Defendants move to dismiss Plaintiff's Thirteenth Cause of

15  Action on the basis that unconscionability is not a cause of action

16  but a defense to enforcement of a contract.  Plaintiff's Thirteenth

17  Cause of Action cites California Civil Code §§ 1670.5 and 1770(s).[2]

18  Compl. ¶ 162.

19  Civil Code § 1670.5 provides a defense to the enforcement of

20  an unconscionable contract rather than an affirmative cause of

21  action.  See Jones v. Wells Fargo Bank, 112 Cal. App. 4th 1527,

22  1539 (2003).  And, although the Consumer Legal Remedies Act does

23  create an affirmative cause of action for unconscionability in

24  Civil Code §§ 1770(a)(19) and 1780, see Cal. Grocers Ass'n. v. Bank

25  of America, 22 Cal. App. 4th 205, 217-18 (1994), the CLRA does not

26  _____

27  [2]Civil Code § 1770(s) was redesignated § 1770(a)(19) in 1996.

28                                  12

United States District Court
For the Northern District of California

apply to transactions involving the sale of real property.   McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1488 (2006). Therefore, Plaintiff fails to state a claim for unconscionability, and Defendants' motion to dismiss the Thirteenth Cause of Action is granted without leave to amend.

VI.   Injunctive Relief

Plaintiff's Fourteenth Cause of Action seeks injunctive relief in the form of a temporary restraining order and a preliminary injunction against the sale of Plaintiff's property.   "Injunctive relief is a remedy, not a cause of action." Guessous v. Chrome Hearts, LLC, 179 Cal. App. 4th 1177, 1187 (2009) (quoting City of South Pasadena v. Dep't of Transp., 29 Cal. App. 4th 1280, 1293 (1994)).   Plaintiff's citation to San Diego Unified Port Dist. v. Gallagher, 62 Cal. App. 4th 501, 503 (1998), is not to the contrary.   As stated in Gallagher, a claim for injunctive relief requires Plaintiff to prove "the elements of a cause of action involving the wrongful act sought to be enjoined." Id.   This makes clear that injunctive relief is not itself a separate cause of action.   Accordingly, Defendants' motion to dismiss Plaintiff's Fourteenth Cause of Action is granted without leave to amend. Plaintiff may seek injunctive relief as a remedy if she is able to state a valid cause of action.

VII. Declaratory Relief

Plaintiff's First and Second Causes of Action seek declarations that the note, Substitution of Trustee, Notice of Default and Notice of Trustee's Sale are "void ab initio," that GMAC cannot collect payments under the note, and that ETS lacks

13

United States District Court
For the Northern District of California

authority to foreclose on Plaintiff's property and conduct a trustee's sale.

When a claim for declaratory relief is removed to federal court, the court must conduct its analysis under the Declaratory Judgment Act (DJA). See Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by Gov't Emps. Ins. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); see also Gamble v. GMAC Mortgage Corp., 2009 WL 400359, at *2 (N.D. Cal.). The DJA permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993).

Defendants argue that there is no "actual controversy" underlying Plaintiff's claims because they concern past wrongdoing. Plaintiff responds that there is a pending foreclosure sale of her property. This appears to satisfy the "actual controversy" requirement for declaratory relief.

Plaintiff presents four theories underlying her claim for declaratory relief that the pending foreclosure sale is invalid: (1) NCM committed fraud in the origination of her loan; (2) GMAC is not the "holder in due course" of her note; (3) Defendants have not followed the correct procedures to assign GMAC as beneficiary under the deed and to substitute ETS as the trustee of the deed; and

14

(4) Defendants did not post the Notice of Trustee's Sale in a public place or publish it in a newspaper of general circulation.

Plaintiff alleges that she is entitled to declaratory relief because the inclusion of a yield spread premium that was not disclosed or explained to her by NCM constituted fraud, rendering the note, Substitution of Trustee, Notice of Default and Notice of Trustee's Sale illegal and invalid. Compl. ¶¶ 56-60. However, as noted above, Plaintiff's fraud claims (Sixth and Seventh Causes of Action) are time-barred. "[T]he statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim." Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1155 (1991). As a result, Plaintiff's declaratory relief causes of action based on fraud are also time-barred.

Plaintiff also seeks declaratory relief on the grounds that GMAC is not in physical possession of the original note. Compl. ¶ 48. Plaintiff argues that only the "holder in due course" of the note can collect payments and initiate a foreclosure of the property. Id. ¶¶ 49-50.

"The statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in [Civil Code] sections 2924-2924i. These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985). Importantly, these provisions "contain[] no requirement that the lender produce the original note to initiate the foreclosure process." Gamboc v. Tr. Corps, 2009 WL 656285, at *4 (N.D. Cal.).

15

United States District Court
For the Northern District of California

Whether or not GMAC is in possession of Plaintiff's Note is irrelevant to its authority to collect payments and initiate a non-judicial foreclosure.  Plaintiff's allegations on this point are therefore not sufficient to state a claim for declaratory relief.

Plaintiff next seeks declaratory relief based on her allegations that "Defendant ETS has not been legally and/or properly appointed as substitute/successor trustee."  Compl. ¶ 62. Plaintiff's allegations are contradicted by the documents attached to and referred to in Plaintiff's Complaint.  Plaintiff quotes paragraph 24 of the deed, which provides that the lender may appoint a successor trustee by an instrument which "contain[s] the name of the original Lender, Trustee and Borrower . . . and the name and address of the successor trustee."  GMAC and ETS Request for Judicial Notice, Ex. A ¶ 24.[3]  Following these procedures, GMAC, the assigned beneficiary of the deed, executed the Substitution of Trustee naming NCB as the original trustee and NCM as the original beneficiary, and provided the name and address of

_____

[3]GMAC and ETS filed a Request for Judicial Notice of Plaintiff's First Deed of Trust.  Plaintiff referred to this Deed of Trust in her Complaint and purported to attach it as Exhibit B, although she actually attached the Second Deed of Trust.  See Compl. ¶ 16(3) & Ex. B.  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, under the incorporation by reference doctrine, when a plaintiff alleges in his or her complaint the contents of documents whose authenticity is not challenged but does not attach them to the pleadings, such documents may be introduced by the defendants and may be considered in ruling on a Rule 12(b)(6) motion.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  Because Plaintiff referred to the document and intended to attach it to the Complaint, the Court will consider the Deed of Trust incorporated by reference, and denies as moot the Request for Judicial Notice of GMAC and ETS.

16

ETS, the substitute trustee.  Compl. Ex. C.  Because Plaintiff's allegations of improper procedures are plainly contradicted by documents attached to and referred to in her Complaint, she fails to state a claim that ETS was improperly appointed as the trustee under the deed.

Finally, Plaintiff seeks declaratory relief on the grounds that she is

> not aware of any fact showing that the Notice of Trustee's Sale . . . has been published in a newspaper of general circulation in the County of San Mateo, State of California, nor has it been posted in at least one public place in the City of San Mateo, County of San Mateo, State of California.

Compl. ¶ 61.  Although not cited in the Complaint or Plaintiff's brief, the requirements that a notice of trustee's sale be published and posted come from California Civil Code § 2924f.  However, the notice requirements are waived if actual notice is received.  See 4 Miller & Starr, California Real Estate § 10:199 (3d ed.).

Plaintiff received the Notice of Trustee's Sale and attached it to the Complaint.  Compl. ¶ 24 & Ex. E.  Even if the posting and publication requirements have not been satisfied, Plaintiff has received actual notice.  Any other notice requirements are therefore waived.  Plaintiff's allegations on this point fail to state a basis for the declaratory relief she seeks.

Because the allegations underlying Plaintiff's causes of action for declaratory relief are either time-barred or fail to allege any wrongdoing by Defendants, there is no "actual controversy" existing between Plaintiff and Defendants justifying declaratory relief.  Accordingly, Defendants' motions to dismiss

17

Plaintiff's First and Second Causes of Action are granted with leave to amend to plead a valid basis for declaratory relief.

VIII. PNC's Motion to Strike

Because the Court has dismissed all of Plaintiff's causes of action, PNC's motion to strike portions of the complaint referring to punitive or exemplary damages and attorneys' fees is denied as moot.  Even if Plaintiff's underlying claims were valid, she has not plead a valid basis for punitive damages or attorneys' fees.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  A matter is immaterial if it has no essential or important relationship to the claim for relief plead.  Id.  A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case.  Id.

A.   Punitive Damages

California Civil Code § 3294, which governs the right to recover punitive damages, provides:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
> . . . .
> (c) As used in this section, the following definitions shall apply:
> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which

18

is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294.  To support a claim for punitive damages, a complaint must allege facts demonstrating "circumstances of oppression, fraud or malice."  <u>Grieves v. Superior Court</u>, 157 Cal. App. 3d 159, 166 (1984).

Plaintiff contends that her allegations regarding Defendants' statutory violations, lack of disclosures and failure to investigate her ability to repay her loans support her prayer for punitive damages.  These allegations do not show "circumstances of oppression, fraud or malice."  <u>See</u> <u>Grieves</u>, 157 Cal. App. 3d at 166.  Plaintiff does not allege that these violations occurred with "intent to cause injury," or that they constituted "despicable conduct . . . in conscious disregard" of her rights.  Cal. Civil Code § 3294(c).

Plaintiff also argues that Defendants "made misrepresentations as to the terms of Plaintiff's financing."  Pl. Opp. at 20. Plaintiff's actual allegations are that NCB failed to explain or disclose the meaning and consequences of the Yield Spread Premium or the Mortgage Broker Fee that were included in her loan.  Compl. ¶¶ 18-18.1.  Nowhere does Plaintiff allege that Defendants' failure to disclose the meaning of these terms was done with the intention of depriving her of property or legal rights.  Cal. Civil Code

§ 3294(c)(3).

Finally, Plaintiff contends that the Complaint "alleges that Defendants did not allow Plaintiff to review the loan documents, made assurances that were not true, and refused to provide Plaintiff with loan papers after they were requested."  Pl. Opp. at 19.  Although these allegations may show oppression, fraud or malice, none of them actually appears in the Complaint.  Because the Complaint fails to set forth circumstances of oppression, fraud or malice, Plaintiff has not plead an entitlement to punitive damages.  If Plaintiff is able to state any valid claims in an amended complaint, she may include a prayer for punitive damages if she is able truthfully to remedy these deficiencies.

B.   Attorneys' Fees

Attorneys' fees may be recovered only where provided by statute or contract.  Cal. Civ. Proc. Code § 1021; <u>Amtower v. Photon Dynamics, Inc.</u>, 158 Cal. App. 4th 1582, 1601 (2008).  Plaintiff argues that she may be entitled to attorneys' fees under California Code of Civil Procedure § 1021.5, or under the deed of trust, which has a provision for attorneys' fees.

Section 1021.5 provides that a court may award attorneys' fees to a successful party

> in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Civ. Proc. Code § 1021.5.  Plaintiff argues that her "attempts

20

United States District Court
For the Northern District of California

to enjoin unlawful and fraudulent foreclosure practices would have a public benefit." Pl. Opp. at 20. Plaintiff's prayer for injunctive relief would enjoin only the foreclosure of her home. Plaintiff fails to explain any public benefit to be gained from an injunction against her foreclosure. Therefore, the Complaint fails to plead a basis for an attorneys' fee award under section 1021.5.

Plaintiff also argues that she may be entitled to attorneys' fees under the deed of trust. The deed provides: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for purposes of protecting Lender's interest in the Property and rights under this Security Instrument . . . including, but not limited to, attorneys' fees . . . ." Deed ¶ 14. Plaintiff does not explain how this provision would entitle her to attorneys' fees against PNC in this action. Presumably Plaintiff would invoke California Civil Code § 1717, which makes unilateral fee provisions such as this one applicable to both parties to a contract. See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 347 (2008). However, following the substitution of GMAC as beneficiary under the deed of trust, PNC is no longer entitled to attorneys' fees under the deed. Therefore, section 1717 does not entitle Plaintiff to attorneys' fees against PNC under the deed. Plaintiff fails to plead a basis for an attorneys' fee award against PNC under the deed of trust. If Plaintiff can remedy these deficiencies, she may include a prayer for attorneys' fees in an amended complaint.

CONCLUSION

For the foregoing reasons, GMAC and ETS' (Docket No. 5) and

21

PNC's (Docket No. 8) motions to dismiss are GRANTED.  PNC's motion to strike (Docket No. 9) is DENIED as moot.  The Court's rulings are summarized as follows:

> 1.   Plaintiff's First and Second Causes of Action against all Defendants are dismissed with leave to amend to plead a valid basis for declaratory relief.
>
> 2.   Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Twelfth Causes of Action against GMAC and ETS are dismissed with leave to amend to state a claim against GMAC and ETS.
>
> 3.   Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action against all Defendants are dismissed with leave to amend to plead a basis for equitable tolling of the statute of limitations.
>
> 4.   Plaintiff's Tenth Cause of Action against all Defendants is dismissed with leave to amend to plead tender of the full loan amount.
>
> 5.   Plaintiff's Twelfth Cause of Action against all Defendants is dismissed with leave to amend to plead a basis for a restitutionary remedy.
>
> 6.   Plaintiff's Thirteenth and Fourteenth Causes of Action against all Defendants are dismissed without leave to amend.

If Plaintiff wishes to file an amended complaint, she must do so within fourteen days of the date of this order.  If she does, Defendants must respond twenty-one days later.  If they respond

United States District Court
For the Northern District of California

with a motion to dismiss, they must notice it for October 6, 2011 at 2 P.M.  A case management conference will be held on that date and time.  If Plaintiff does not timely file an amended complaint, the case will be dismissed for failure to prosecute.

IT IS SO ORDERED.


Dated: 7/28/2011

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

23